

**ORDERED in the Southern District of Florida on September 26, 2019.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

|  |  |
|---|---|
| **IN RE:** | **Case No.: 19-22704-BKC-MAM
Chapter 11 Proceeding** |
| **JEROME GOLDEN CENTER
FOR BEHAVIORAL HEALTH, INC.**
     **Debtor.**
_____/ | |

## ORDER GRANTING DEBTOR-IN-POSSESSION'S EMERGENCY MOTION FOR AUTHORITY TO PAY PRE-PETITION WAGES

**THIS MATTER** came before the Court on the 26th day of September, 2019, in West Palm Beach, Florida, Florida, upon the Debtor's Emergency Motion for Authority to Pay Prepetition Wages and Other Employment-Related Costs [Doc. 5] (the "Motion") filed by the above-captioned debtor and debtor in possession (the "Debtor") for the entry of an order pursuant to sections 105(a), 363(b) and 507(a)(4) of the Bankruptcy Code, 11 U.S.C. §§ 101, et. seq., Federal Rule of Bankruptcy Procedure 6003 and Local Rule 9013-(I), seeking entry of an order (A) authorizing the Debtor to (i) pay prepetition wages, salaries, commissions, bonuses, employee benefits and other compensation, (ii) remit withholding obligations; (iii) maintain

employee benefit programs and pay related administrative obligations; and (B) authorizing its banks and other financial institutions to receive, process, honor and pay certain checks presented for payment and to honor certain fund transfer requests related to the foregoing. The Court having reviewed the Motion and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. § 1408; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); and (d) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby

ORDERED that:

1. The Motion is **GRANTED**.

2. The Debtor is authorized, but not directed, to pay prepetition employee-related obligations, including, but not limited to, prepetition wages, salaries, commissions, bonuses, medical, HAS, dental and insurance benefits, flexible spending accounts, paid time off, vacation, sick and medical leave, workers' compensation insurance, employers' contribution to any pension, profit-sharing, or retirement plans (collectively, the "Prepetition Employment Obligations"); provided however, that payments to any Employee on account of any such unpaid wages and salaries shall not exceed the amount afforded priority status by sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

3. The Debtor is authorized, but not directed, to honor in the ordinary course of business all prepetition accrued Vacation Time and Care Time rights of their Employees who continue to be employed by the Debtor after the Petition Date, in accordance with the Debtor's prepetition policies.

4. The Debtor is authorized, but not directed, to make all payments, claims, and remittances related to the Medical Plans in the ordinary course of business.

5. The Debtor is authorized, but not directed, to pay all amounts related to the 401(k) Plans that arose prior to the Petition Date, as they become due, in the ordinary course of the Debtor's business.

6. The Debtor is authorized, but not directed, to honor any Prepetition Employment Obligations in respect of any Employee Assistance Program and to continue to honor such obligations post-petition, as provided in the Motion, in accordance with the Debtor's stated policies.

7. The Debtor is authorized to remit to the appropriate parties in the ordinary course of business any amounts owed by the Debtor, if any, in respect of its withholding obligations, including those incurred prior to the Petition Date.

8. Those banks holding the Debtor's payroll accounts are authorized and directed to honor checks issued to Employees prepetition that have not cleared or been presented as of the Petition Date.

9. All of the Debtor's banks are authorized and directed to receive, process, honor and pay any and all checks or electronic transfers drawn on the Debtor's payroll and general disbursement accounts related to Prepetition Employment Obligations, including the ordinary course wages and salaries, and other compensation, Employee benefit plans and withholding obligations, which accrued pre-petition, which are listed on Composite Exhibit "1" attached to the Motion, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

10. The Debtor is authorized, but not directed, to continue their practices, programs and policies in effect as of the Petition Date with respect to all Prepetition Employment Obligations, and to make all payments, claims, and remittances related thereto in the ordinary course of business.

11. Nothing herein or in the Motion, nor any payments made by the Debtor pursuant to this Motion, shall be deemed an assumption or rejection of any Employee benefit program, employment agreement, other program or contract, or otherwise affect the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract between the Debtor and any Employee.

12. The Debtor, its officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

13. Entry of this Order is not intended nor should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. Moreover, any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

14. Notwithstanding anything to the contrary herein, any payment to be made hereunder shall be subject to the requirements imposed on the Debtor under any approved debtor-in-possession financing facility, any budget prepared in connection therewith and any order regarding the use of cash collateral.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

###

<u>Submitted by</u>:
**Philip B. Harris**
685 Royal Palm Beach Boulevard
Suite 205
Royal Palm Beach, FL 33411

**Copies to:**
Philip B. Harris, Esq., 685 Royal Palm Beach Boulevard, Suite 205, Royal Palm Beach, FL 33411

*The Debtor (or Debtor's attorney) is directed to furnish a complete and correct copy of this order to all interested parties and file a certificate of service with the court.