## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
## www.flsb.uscourts.gov

**Case No.: 19-22704-BKC-MAM**
**IN RE:**                                            **Chapter 11 Proceeding**

**JEROME GOLDEN CENTER**
**FOR BEHAVIORAL HEALTH, INC.**

    **Debtor.**
_____/

### DEBTOR'S EMERGENCY MOTION TO DISMISS CHAPTER 11 PROCEEDING

### EMERGENCY HEARING REQUESTED

#### Exigency

**Debtor requests an emergency hearing to consider dismissal of this chapter 11 case in order to expediently consummate a sale of the healthcare facility to another healthcare provider who intends to continue to operate the facility as a psychiatric hospital. Due to the extremely time sensitive concerns of patient needs, and the complexity of medical licensing and compliance requirements, Debtor seeks to consummate the sale outside of the bankruptcy process so that the transition can occur in the most expedient and efficient manner. Contemporaneous with the filing of this Motion, Debtor seeks approval of a management agreement that will address all patient needs during the transition period. It is critical to the health and welfare of the patients that the sale of the entity and the management transition occur in a speedy and seamless manner. Debtor requests a hearing of 15 minutes in duration by October 8, 2019.**

    The Debtor, **Jerome Golden Center for Behavioral Health, Inc.,** (hereinafter referred to as "Debtor"), joined by Interested Party **South East Florida Behavioral Network, Inc.** ("SEFBH", "Managing Entity", or "ME"), hereby file this Motion for Order of Voluntary Dismissal, and state:

    1.    This proceeding was originally filed on September 24, 2019 as a voluntary Chapter 11 bankruptcy.

    2.    The Debtor is a not for profit corporation operating a psychiatric and substance

abuse treatment hospital and outpatient programs with facilities in Palm Beach County, Florida.

3. At the time the Debtor filed its Chapter 11 bankruptcy, the Debtor was negotiating a DIP loan which would allow it to operate at least through the end of the year, during which time the Debtor would seek to accomplish an asset sale to repay its creditors.

4. Within a very short time after filing the Petition, a for-profit healthcare facility offered to purchase the Debtor as a going-concern, maintain the existing entity, and operate the facilities. The acquiring entity has committed enough funds to bring the Debtor current on all of its payment obligation, satisfy all delinquent debts, and fund any shortfall needed to cover operating expenses going forward.

5. To ensure a seamless transition and minimize the possibility of any determinantal impact to patients during the transition, the Managing Entity has facilitated a management agreement between the Debtor and South County Mental Health Center, Inc., who will provide the staffing and contracted support services under the license of the Debtor. This will be accomplished through the execution of a management agreement for crisis stabilization services that include direct patient care and support the Debtor during the sale process, with funding from the Managing Entity to ensure that all patient needs are met during the transition and sale process.

6. The Management Entity is charged with oversight of behavioral heath facilities in Southeast Florida, and its primary objective in this matter is to ensure that patient needs are met, and patient interests are protected throughout the transition. The management agreement is designed to reduce the Debtor's monthly operating expenses while maintaining patient care standards until the acquiring entity is fully positioned to run the facilities.

7. Due to the sensitive nature of the medical services offered by the Debtor, privacy concerns, patient welfare concerns, complexities regarding licensing and medical compliance, and the economic need for an efficient and expeditious turnover to the acquiring entity, the Debtor, the acquiring entity, and the Managing Entity are in agreement that conducting the sale process outside

of bankruptcy is in the best interests of the Debtor's patients and its creditors.

8. Accordingly, an expedited dismissal of this case the Debtor will be able to continue operations during the transition, pay its creditors in full, and reorganize outside of bankruptcy.

9. Debtor warrants that all creditors will be noticed with this motion, per the attached service list, and that no creditor will be prejudiced by the dismissal of this case.

**WHEREFORE** the Debtor, **Jerome Golden Center for Behavioral Health, Inc.,** and Interested Party **South East Florida Behavioral Network, Inc.** respectfully request that the Court enter an Order, dismissing the pending Chapter 11 proceeding, and grant such other and further relief as the Court deems just and proper.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2091-1(A).

> PHILIP B. HARRIS, P.A.
> Attorneys for Debtor
> 685 Royal Palm Beach Blvd., Ste. 205
> Royal Palm Beach, FL  33411
> Telephone:  (561) 543-7963
>
> By: /s/  *Philip B. Harris*
> Philip B. Harris
> Florida Bar No. 19781
> philip@philipbharris.com

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by CM/ECF on the 4th day of October 2019 to:

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Philip B Harris on behalf of Debtor Jerome Golden Center for Behavioral Health, Inc.
philip@philipbharris.com

Gerard M Kouri Jr., Esq on behalf of Creditor Ford Motor Credit Company LLC
gmkouripaecf@gmail.com, gmkouri@bellsouth.net

Orfelia M Mayor on behalf of Creditor Palm Beach County Tax Collector omayor@ombankruptcy.com, legalservices@pbctax.com

and by US mail to the parties on the attached Creditor Matrix. The Debtor will also serve all creditors being added to the matrix this day in the event the Creditor Matrix has not been updated with the additional creditors.